1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CURTIS EARNEST ADAMS,                    No. 2:16-CV-0569-TLN-CMK-P

12              Plaintiff,

13        vs.                                 FINDINGS AND RECOMMENDATIONS

14   PEOPLE OF THE STATE OF
     CALIFORNIA,

15              Defendant.

16
     _____/

17

18            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

20            The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5   allege with at least some degree of particularity overt acts by specific defendants which support

6   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7   impossible for the court to conduct the screening required by law when the allegations are vague

8   and conclusory.

9           To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

10  connection or link between the actions of the named defendants and the alleged deprivations.

11  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

16  conclusory allegations concerning the involvement of official personnel in civil rights violations

17  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

18  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

19  constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

20          In this case, plaintiff names "People of the State of California" as the only

21  defendant.  Plaintiff does not name any specific individuals.  When asked in the form complaint

22  to provide the names of each defendant, plaintiff wrote "N/A."  For his claim, plaintiff alleges

23  that "staff" failed to give him his legal mail.  Plaintiff does not, however, allege any facts to

24  indicate a causal link between the alleged conduct and a specific individual defendant.

25

26

1    Because it does not appear possible that the deficiencies identified herein can be

2    cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

3    the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

4    Based on the foregoing, the undersigned recommends that this action be dismissed

5    for failure to state a claim and that plaintiff's "Motion for Judgment" (Doc. 10) be denied.

6    These findings and recommendations are submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court.  Responses to objections shall be filed within 14 days after service of

10   objections.  Failure to file objections within the specified time may waive the right to appeal.

11   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13    DATED:  February 3, 2017

14

15                                            **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

3