IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS EARNEST ADAMS,

    Plaintiff,

  v.

SONGS, et al.,

    Defendants.

No. 2:16-CV-0569-TLN-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Lizarraga's motion to dismiss (ECF No. 29).[1]

## I. BACKGROUND

This action proceeds on plaintiff's amended complaint, filed on September 17, 2018 (ECF No. 22). Plaintiff names the following as defendants: (1) Songs; (2) Given; and (3) Lizarraga, the warden at Mule Creek State Prison. Plaintiff alleges that defendants Songs and Given violated his First Amendment right to access courts by destroying his legal mail. Specifically,

---

[1] Defendant Lizarraga is erroneously sued as "Soelizarra." Service of process directed to the remaining defendants, Songs and Given, was returned unexecuted. See ECF No. 27.

1

Plaintiff contends defendants Songs and Given destroyed mail from Plaintiff's appellate counsel containing a notice and decision from the California Court of Appeal related to Plaintiff's action for post-conviction relief. This notice and decision outlined the 30-day statute of limitations period for Plaintiff to file a petition for review with the California Supreme Court. The destruction of this legal mail resulted in the statute of limitations running and thus denied Plaintiff full review and exhaustion of his state court post-conviction remedies. Plaintiff further alleges defendant, Warden Lizarraga, was aware and encouraged this act and for that reason also violated his First Amendment right to access courts. As to defendant Lizarraga, plaintiff alleges:

> Plaintiff was in disbelief as to what had happen [sic], left speechless, then Plaintiff went back to the cell and filed an inmate 602 appeal – which is a green grievance paper, and submitted it to the Inmate Appeals Office. The Inmate Appeals Office a short time later sent Plaintiff a notice that his appeal had been destroyed.
>
> Therefore, Plaintiff wrote out another grievance and mailed it out as legal mail to Defendant Soelizarra [Lizarraga]. The Appeal-Grievance had never been returned nor answered. Therein undermining the Plaintiff's entire due process rights and any hope of relief.
>
> ECF No. 22, pg. 9.

On January 11, 2019, the court determined plaintiff's amended complaint appeared appropriate for service on defendants Songs, Given, and Lizarraga.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v.

Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

///

///

3

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

The issue raised by defendant Lizarraga's motion is whether plaintiff has pleaded sufficient facts to establish the liability of a supervisory defendant, here the prison warden. The court also addresses plaintiff's failure to effect service of process on defendant Songs and Given.

#### A. **Defendant Lizarraga**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Defendant Lizarraga argues the amended complaint fails to state a claim for relief against him. According to defendant:

> Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).
>
> With respect to the alleged actions of Correctional Officers John R. Songs and H. Given, Plaintiff may not hold Warden Lizarraga liable based on his position of authority as Plaintiff has not alleged any facts linking Lizarraga to acts or omissions which suggest he participated or directed Correctional Officers John R. Songs and H. Given to destroy the letter from Plaintiff's attorney, or knew that these officers were going to destroy that letter and failed to prevent them from doing so. *Taylor*, 880 F.2d at 1045.

ECF No. 29, pg. 3.

At the outset, the court does not agree with defendant's statement of the law. Specifically, the Supreme Court has rejected defendant's suggestion that a supervisory defendant may be held liable "if the supervisor. . . knew of the violations and failed to act to prevent them." See Iqbal, 662 U.S. at 676. To the contrary, the Supreme Court has held that allegations of knowledge and acquiescence in a subordinate's unconstitutional conduct are insufficient because liability under § 1983 only exists based on each defendant's own personal conduct and not the conduct of any other person, regardless of the defendant's title or job duties. See id. In other words, an individual is only responsible under § 1983 for their own conduct, not the conduct of others for whom that individual is responsible. As such, and as the Supreme Court has noted, the phrase "supervisory liability" is a misnomer. See id.

Nonetheless, the court agrees with defendant Lizarraga that plaintiff's amended complaint fails to allege sufficient facts to establish his liability. Plaintiff alleges defendant Lizarraga is liable for the conduct of defendants Songs and Given because he was made aware of such conduct <u>after</u> it occurred by way of a prison grievance and, despite this after-acquired knowledge, failed to act to correct the violations which had already occurred. As stated above,

defendant Lizarraga may only be held liable for his own conduct which has a causal relationship to the alleged constitutional violation.  Defendant Lizarraga may not be held liable based on his knowledge of other defendants' conduct where, as here, the knowledge arose <u>after</u> the alleged violation occurred.  Given the facts alleged by plaintiff, specifically that defendant Lizarraga learned of the constitutional violations after they took place, it is logically impossible for plaintiff to satisfy the causal nexus requirement of a cognizable § 1983 claim because a person cannot cause a constitutional violation to occur after the violation has already occurred.  Because defendant Lizarraga may only be held liable for his own personal conduct which causes a constitutional violation, he may not be held liable based on the facts alleged by plaintiff, even assuming such facts are true, as the court must at this stage of the case.  Because this pleading defect cannot be cured, plaintiff is not entitled to leave to amend.  <u>See</u> <u>Lopez</u>, 203 F.3d at 1126.

**B.     Defendants Songs and Given**

Service of process directed to defendants Songs and Given was returned unexecuted by the United States Marshal on March 22, 2019.  <u>See</u> ECF No. 27.  Plaintiff has thereafter advised by the court of procedures he could utilize to obtain additional information necessary to effect valid service of process.  <u>See</u> ECF No. 30 (June 5, 2019, order).  Plaintiff was also warned that failure to provide additional information for service of process on defendants Songs and Given could result in dismissal of those defendants pursuant to Federal Rule of Civil Procedure 4(m), which requires timely service of process following the filing of a complaint.  Because plaintiff has not offered any additional information regarding defendants Songs and Given, the court recommends dismissal of these defendants.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant Lizarraga's motion to dismiss (ECF No. 29) be granted;

2. Defendant Lizarraga be dismissed with prejudice;

3. Defendants Songs and Given be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service of process; and

4. This action be dismissed in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 1, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE